United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Taiwo Semion Oni, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3349 |
| | § | |
| Martin L. Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DISMISSING PETITION

Before the Court is Taiwo Semion Oni's Petition for a Writ of *Habeas Corpus*, Doc. 1, and Emergency Application for a Temporary Restraining Order, Doc. 3. Petitioner argues that the Department of Homeland Security exceeded its statutory authority and violated the Fifth Amendment's Due Process Clause by ordering his expedited removal from the United States. The Court disagrees. Petitioner does not raise any of the three discrete issues that would permit judicial *habeas* review of his removal order. Further, Petitioner's due process claim—whether viewed as substantive or procedural—is foreclosed by binding precedent. For the reasons set forth below, the petition is DISMISSED. Petitioner's Motion for a Temporary Restraining Order, Doc. 3, and Emergency Motion, Doc. 6, are DENIED AS MOOT.

1

## I.  BACKGROUND

Petitioner alleges the following:

Taiwo Semion Oni is a citizen of Nigeria. Doc. 1 ¶ 12. He entered the United States illegally in 2021, but the Secretary of Homeland Security granted him temporary parole under 8 U.S.C. § 1182(d)(5)(A) on September 15, 2021. Doc. 3 ¶ 5. He has since resided in the United States for five consecutive years. *Id.*

In February 2026, Oni was detained. *Id.* ¶ 9. On March 23, 2026, a screening officer and an immigration judge determined that he was not entitled to asylum, and on April 24, 2026, the judge affirmed the finding and finalized his expedited removal order pursuant to 8 U.S.C. § 1225(a). *Id.* ¶¶ 10–11. Pending removal, Oni remains detained at the CoreCivic Detention Center in Houston, Texas. *Id.* ¶ 12. In April 2026, while in custody, Petitioner married a U.S. citizen. *See* Doc. 1-3 at 2, Doc. 3-2 at 1. His I-485 application for lawful permanent residence remains pending. Doc. 3 ¶ 11.

## II.   LEGAL STANDARD

"[A]bsent suspension, the writ of *habeas corpus* remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve *habeas* petitions, including in immigration detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The Writ exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States, 525* F.2d 933, 935–36 (5th Cir. 1976). Thus, for the Writ to issue, the petitioner must be "in custody in violation

2

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). A court considering a *habeas* petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

District courts entertaining an application for a writ of habeas corpus filed pursuant to Section 2241 have three immediate options: "award the writ," "direct the respondents to show cause why the writ should not be granted," or deny the petition if it "appears from the application" that the petitioner is not entitled to the requested relief. *See* 28 U.S.C. § 2243. Thus, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition. Rules Governing Section 2254 Cases, Rule 4; *see also id.*, Rule 1 (expanding rules to *habeas* petitions other than those under Section 2254).

### III.   ANALYSIS

The petition plainly demonstrates that Petitioner's expedited removal neither violates his statutory nor due process rights. As to the former, Petitioner has failed to seek judicial review of a determination over which the Court can exercise jurisdiction. As to the latter, Petitioner received all the process he was due through the administrative proceedings that ordered his removal. The Court therefore must dismiss the petition, and it addresses the statutory and due process arguments in turn.

## A.  Statutory Habeas Claims

Petitioner alleges that he does not qualify for expedited removal because he was granted parole and has remained continuously present in the country for five years. These are not among the determinations over which the Court can exercise jurisdiction.

Judicial review of determinations made under 8 U.S.C. § 1225(b)(1) is available in *habeas* proceedings, but it is strictly limited to the following three determinations:

> (a) Whether the petitioner is an alien;
> (b) Whether the petitioner was ordered removed under such section; and
> (c) Whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . ., or has been granted asylum . . . .

*Brumme v. Immigration and Naturalization Service*, 275 F.3d 443, 446–47 (5th Cir. 2001) (citing 8 U.S.C. § 1252(e)(2)). Thus, when a petitioner seeks review of a Section 1225(b)(1) determination but does not raise one of the three statutorily permitted grounds for judicial review, "the district court has no jurisdiction to consider his claims." *Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743–44 (N.D. Tex. 2020). Instead, those determinations lie "in the sole and unreviewable discretion of the Attorney General." *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(I).

Here, Petitioner has not challenged any of the three judicially reviewable determinations. He concedes that he is an alien. Doc. 3 ¶ 5 ("Petitioner entered the United States without inspection"). By disputing the *authority* for his expedited removal order, he acknowledges that he has been ordered removed pursuant to Section 1225(b)(1). *See generally* Docs. 1, 3. Further, Petitioner does not allege that he has been lawfully admitted

4

for permanent residence, admitted as a refugee, or granted asylum. *See generally* Docs. 1, 3. Instead, Petitioner claims to not be among the class of aliens described in Section 1225(b)(1)(A)(iii)(II) that are subject to expedited removal because he was granted parole, has remained continuously present in the country for five years, and has a pending application for adjustment of status (Form I-485). Doc. 1 ¶¶ 18–19.  However, Petitioner's designation as an alien subject to expedited removal is not subject to judicial review and instead lies "in the sole and unreviewable discretion of the Attorney General." *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(I). Therefore, the Court has no jurisdiction to consider Petitioner's statutory challenges.

### B. Due Process Claim

The Court next turns to Petitioner's due process claim. Petitioner contends that by prohibiting judicial review of certain Section 1225(b)(1)(A) determinations, 8 U.S.C. § 1252 violates the Fifth Amendment's Due Process Clause. This claim has been raised and foreclosed by the Supreme Court in *Department of Homeland Security v. Thuraissigiam.* 591 U.S. 103 (2020). Pursuant to *Thuraissigiam*, Petitioner was afforded due process through the administrative proceeding resulting in the expedited removal order. No further process is due.

The Court has long held that for "foreigners who have never been naturalized, nor acquired any domicile or residence within the United States, nor even been admitted into the country pursuant to law," "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law." *Id.* at 138 (citing

*Nishimura Ekiu v. United States*, 142 U.S. 651, 660 (1892)). And "even those [aliens] paroled elsewhere in the country for years pending removal . . . are treated for due process purposes as if stopped at the border." *Id.* at 139 (citing *Shaughnessy v. United States*, 345 U.S. 206, 215 (1953)) (internal quotations omitted); *see also* 8 U.S.C. § 1182(d)(5)(A) ("parole . . . shall not be regarded as an admission of the alien"). Accordingly, for aliens facing expedited removal, due process constitutes "whatever immigration officials are authorized to do." *Kokoreva v. Unknown Party*, No. 3:25-cv-1700-K-BN, 2025 WL 2981626, *3 (N.D. Tex. Oct. 7, 2025) (adopting changes).

Petitioner was discretionarily paroled, rather than lawfully admitted, into the United States. *See* Doc. 1 ¶ 2. Therefore, under *Thuraissigiam*, the five years that he has resided in the country are irrelevant; for due process purposes, he must be treated as if stopped at the border. *Thuraissigiam*, 591 U.S. at 139. Accordingly, Petitioner's rights are limited to those "that Congress has provided by statute." *Id.* at 140. And as outlined above, Congress has statutorily limited those rights to the judicial review of three determinations, none of which are raised in the petition. *See* Section III.A, *supra*.

Furthermore, Petitioner's pending I-485 application does not warrant additional constitutional consideration. To the extent he seeks to rely on his recent in-custody marriage to a U.S. citizen, the Supreme Court has rejected this argument, holding that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Dep't of State v. Muñoz*, 602 U.S. 899, 909 (2024). And if the United States Citizenship and Immigration Services had already denied the I-485 application, the Court

would lack jurisdiction to even review the denial. *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 276 (5th Cir. 2008) (citing 8 U.S.C. § 1252(a)(2)(B)). Read together, these principles cannot be interpreted to recognize that paroled I-485 applicants are entitled to due process beyond what Congress has authorized.

In sum, as a paroled alien, Petitioner's due process rights are limited to those recognized by statute. He was thus afforded due process through his statutorily prescribed administrative removal proceeding. The Fifth Amendment requires nothing further.

## IV. CONCLUSION

On its face, the petition fails to evince entitlement to *habeas* relief. Petitioner challenges administrative determinations over which the Court lacks jurisdiction and raises due process concerns foreclosed by precedent. Oni's petition is therefore DISMISSED. Petitioner's Motion for a Temporary Restraining Order and Emergency Motion are DENIED AS MOOT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 1st of June, 2026.

_____
Nicholas J. Ganjei
United States District Judge